1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   CALIFORNIA SPORTFISHING                    No.  2:16-cv-01595-MCE-EFB
     PROTECTION ALLIANCE,
12
                    Plaintiff,
13                                              **MEMORANDUM AND ORDER**
          v.
14
     FOREVER RESORTS, LLC; LAKE
15   OROVILLE MARINA, LLC; BILL
     HARPER; and REX MAUGHAN,
16
                    Defendants.
17

18          Before the Court is a Motion for Settlement Approval, ECF No. 10, under

19   California's Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health &

20   Safety Code §§ 25249.5–.13, otherwise known as Proposition 65.  Because the Court

21   finds that the attorney's fees awarded in the settlement are unreasonably high, the

22   Motion is DENIED. [1]

23   ///

24   ///

25   ///

26   ///

27   _____

28          [1] Because oral argument would not have been of material assistance, the Court ordered this
     matter submitted on the briefing.  E.D. Cal. L. R. 230(g).

1

1

2

## BACKGROUND[2]

3       Defendants operate a marina on Lake Oroville in California.  Plaintiff alleges that

4   Defendants violated a provision of Proposition 65 by knowingly discharging lead and

5   lead compounds into Lake Oroville.  On May 27, 2016, Plaintiff issued a Proposition 65

6   "60-Day Notice of Violation" detailing the alleged violations to the Office of the California

7   Attorney General, the District Attorney of Butte County, the City Attorney of Oroville, and

8   Defendants.  After the 60-day period required by Proposition 65, Plaintiff filed suit in this

9   Court.  The parties then pursued settlement options, reaching agreement on all terms on

10  December 2, 2016.

11      The settlement agreement consists of four parts:  (1) improvements Defendants

12  are to make at their facility; (2) a civil penalty of $20,000, plus a stipulated civil penalty of

13  $2,500 for each discharge of storm water measured to contain lead in a concentration

14  greater than 0.5 micrograms/liter; (3) an additional payment of $15,000 to Plaintiff, to be

15  used to prevent, reduce, or eliminate discharges of Proposition 65-listed substances to

16  sources of drinking water; and (4) investigative, expert, and attorney's fees and costs in

17  the amount of $67,500.

18

19                                  ## DISCUSSION

20

21      California Health and Safety Code § 25249.7(f)(4) requires parties to submit

22  Proposition 65 settlements between private parties to the court for approval.  The statute

23  sets out three express requirements for approval of such settlements:

24              [T]he court may approve the settlement only if the court
                makes all of the following findings:
25
                (A) The warning that is required by the settlement complies
26              with this chapter.

27   _____

28      [2] Unless otherwise noted, the facts in this section are drawn directly, and in some cases verbatim, from the Plaintiff's Memorandum of Points and Authorities in Support of the Motion.

1
2

(B) The award of attorney's fees is reasonable under California law.

(C) The penalty amount is reasonable based on the criteria set forth in paragraph (2) of subdivision (b).

3

4   Id.; see also Consumer Advocacy Grp., Inc. v. Kintetsu Enter. of Am., 141 Cal. App. 4th

5   46, 61 (2006).  The "trial court must look at the three factors and if any of those factors

6   are not present it can't approve the settlement."  Consumer Def. Grp. v. Rental Hous.

7   Indus. Members, 137 Cal. App. 4th 1185, 1207 (2006) (emphasis removed); see also

8   Leeman v. Adams Extract & Spice, LLC, 236 Cal. App. 4th 1367, 1376 (2015) (reversing

9   a trial court's unilateral modification of the amount of attorney's fees awarded in a

10  Proposition 65 settlement).  The Court here finds the attorney's fee unreasonable, and

11  thus cannot approve the settlement.

12        Under California law, "the fact that the defendant agreed to pay the fee does not

13  automatically render the fee reasonable."  Cal. Code Regs. tit. 11, § 3291; see also

14  Leeman, 236 Cal. App. 4th at 1376 n.2.  "Hourly fees should be those reasonable for

15  attorneys of similar skill and experience in the relevant market area."  Cal. Code Regs.

16  tit. 11, § 3291(d).  In support of Plaintiff's motion, it provides a fee summary chart

17  detailing the hours and rates of the attorneys who worked on the case.  See Mem. of P &

18  A in Supp. of Mot., ECF No. 15, at 12.  That chart shows that three attorneys provided

19  services for Plaintiff at three different hourly rates; the law firm's principal charged a rate

20  of $795 per hour, while his two associates billed at $375 per hour and $225 per hour.

21  Decl. of Andrew Packard, ECF No. 13, Ex. B.

22        In the Eastern District of California, these rates are well above the usually

23  accepted rates.  See, e.g., Millan v. Cascade Water Servs., Inc., No. 1:12-cv-01821-

24  AWI-EPG, 2016 WL 3077710, at *12 (E.D. Cal. Jun. 2, 2016) (rejecting $725 per hour for

25  a partner and $610 per hour for an associate in favor of $375 per hour and $325 per

26  hour, respectively); Ontiveros v. Zamora, 303 F.R.D. 356, 373–74 (E.D. Cal. 2014)

27  (rejecting $650 per hour and $495 per hour for partners and between $325 per hour and

28  $425 per hour for associates in favor of $400 per hour for partners and $175 per hour for

3

associates); <u>Khanna v. Intercon Sec. Sys., Inc.</u>, No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *15 (E.D. Cal. Apr. 8, 2014) (approving $300 per hour for partners, $200 per hour for associates, and $100 per hour for legal assistants); <u>Adoma v. Univ. of Phoenix, Inc.</u>, 913 F. Supp. 2d 964, 984 (E.D. Cal. 2012) (approving $425 per hour for principals); <u>Murillo v. Pac. Gas & Elec. Co.</u>, No. CIV. 2:08-1974 WBS GGH, 2010 WL 2889728, at *11 (E.D. Cal. Jul. 21, 2010) ($300 per hour for a principal).  Indeed, this Court recently rejected an FLSA settlement due to the unreasonableness of attorney's fees in which the plaintiff's lodestar calculation was based on rates of $650 per hour for principals and between $350 and $400 for associates.  <u>See</u> <u>Mar v. Genuine Parts Co.</u>, No. 2:15-cv-01405-MCE-AC, 2017 WL 68287, at *2–3 (E.D. Cal. Jan. 6, 2017).

Plaintiff fails to provide any evidence that its counsel's high fees are appropriate in this case.  Plaintiff's counsel only avers generally that he "managed" the investigation of Defendants' facilities and conducted "[i]ntensive negotiations."  Mem. of P & A in Supp. of Mot., at 12 (citing Decl. of Andrew Packard, ¶¶ 19, 21).  Further, Plaintiff's counsel provides no support for his averment that "[his] understanding of the rates charged by other attorneys (including those rates charged by leading Proposition 65 defense counsel) with experience and expertise similar to mine, is that these rates are at, or substantially below, the prevailing rates charged by the majority of such lawyers."  Decl. of Andrew Packard, ¶ 15.  Absent any evidence that such high rates are warranted in this case, the Court finds rates of $425 per hour for principals and $225 per hour for associates to be more appropriate.

Applying these rates renders the settlement's $67,500 of attorney's fees more than 50% greater than the proper lodestar calculation.  Accordingly, the Court finds the settlement's attorney's fees unreasonable and the settlement must be rejected.

///

///

///

///

4

1

**CONCLUSION**

2

3          For the reasons provided above, Plaintiff's Motion for Settlement Approval, ECF

4    No. 10, is DENIED.

5          IT IS SO ORDERED.

6    Dated:  February 9, 2017

7

8                                                   MORRISON C. ENGLAND, JR.
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28