UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER RESORTS, LLC; LAKE OROVILLE MARINA, LLC; BILL HARPER; and REX MAUGHAN,<br><br>Defendants. | No. 2:16-cv-01595-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Second Motion for Settlement Approval, ECF No. 25, under California's Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code §§ 25249.5–.13, otherwise known as Proposition 65. California Health and Safety Code § 25249.7(f)(4) requires parties to submit Proposition 65 settlements between private parties to the court for approval. For the court to approve the settlement, the court must—among other things—find that "[t]he award of attorney's fees is reasonable under California law." Id. § 25249.7(f)(4). The Court previously found a rate of $795 per hour and a total of $67,500 in attorney's fees to be unreasonable. See Mem. & Order, ECF No. 20, at 4. In this second motion, Plaintiff's counsel claims to have reduced his rate to $650 per hour for purposes of calculating attorney's fees. See Mem. of P. & A. in Supp. of 2d Mot. for Settlement Approval, ECF No. 26, at 15–16.

1

However, Plaintiff still seeks a total of $67,500 in attorney's fees.  See Decl. of Andrew L. Packard, Ex. C, ECF No. 27-3.  The fact that Plaintiff's counsel purports to reduce the hourly rate while increasing the number of hours to reach the same bottom line on the amount of attorney's fees is, quite frankly, ridiculous. If Plaintiff's counsel is too obtuse to understand what the court's intentions are in this matter, Plaintiff's counsel can expect a long delay in obtaining *any* attorney's fees. Plaintiff's Motion for Settlement Approval, ECF No. 25, is DENIED.[1]

IT IS SO ORDERED.

Dated:  June 2, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not have been of material assistance, the Court ordered this