UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTING ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER RESORTS, LLC; LAKE OROVILLE MARINA, LLC; REX MAUGHAN; and BILL HARPER,<br><br>Defendants. | No. 2:16-cv-01595-MCE-EFB<br><br>**ORDER** |

Presently before the Court is the parties' Stipulation to Dismiss Plaintiff's Claims With Prejudice and Proposed Order Granting Dismissal With Prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 43. Dismissal under Rule 41(a)(2) requires a court order. For the reasons set forth below, the parties' request is DENIED.

Plaintiff filed its original Complaint on July 12, 2016, asserting violations of 33 U.S.C. §§ 1311 and 1342. ECF No. 1. Thereafter, on August 5, 2016, Plaintiff filed a First Amended Complaint ("FAC") adding a claim for violations of California Health & Safety Code § 25249.5. ECF No. 5. The FAC was the operative complaint in this matter from August 2016 until—as discussed further below—Plaintiff filed a Second Amended Complaint on July 28, 2017. ECF No. 39.

On December 2, 2016, Plaintiff filed a Notice of Settlement with the Court. ECF No. 9. As acknowledged in that notice, California's Safe Drinking Water and Toxic Enforcement Act of 1986, Cal. Health & Safety Code §§ 25249.5–.13, otherwise known as Proposition 65, requires parties to submit settlements between private parties to the court for approval. Cal. Health & Safety Code § 25249.7(f)(4). Pursuant to that requirement, Plaintiff filed a Motion to Approve Proposition 65 Settlement on December 6, 2016. ECF No. 10. The Court denied that motion in a memorandum and order electronically filed on February 10, 2017, finding that the attorney's fees sought in the settlement were unreasonably high. ECF No. 20.

The parties thereafter reached a revised settlement and Plaintiff filed a Second Motion to Approve Proposition 65 Settlement on April 17, 2017. ECF No. 25. The Court denied that motion in a second memorandum and order electronically filed on June 5, 2017. ECF No. 35. There, the Court found that while Plaintiff's counsel claimed to have reduced his rate, he increased his hours and sought the same total award of attorney's fees. Understandably, the Court rejected this proposal.

Less than two months later, the parties filed a stipulation to amend the FAC along with Plaintiff's Second Amended Complaint ("SAC"), ECF Nos. 38-39, and—on the same day—a Notice of Settlement, ECF No. 40. Plaintiff's SAC is substantially similar to the FAC, but removes the fifth claim for relief brought under Proposition 65, and deletes all references to Proposition 65 throughout the complaint. The proposed settlement likewise removes the Proposition 65 civil penalties. As such, the parties' proposed settlement of the matter—a matter which no longer arises under Proposition 65— theoretically no longer requires court approval to the same extent as a Proposition 65 settlement.

///
///
///
///

Even so, the Clean Water Act itself contemplates some level of review of consent judgments such as this one, whether captioned as private settlements or as consent decrees.[1] Further, as indicated in the September 20, 2017, letter filed by the United States Department of Justice (ECF No. 42), in an action such as this between private parties intended to vindicate public interests, court review is especially appropriate.

Moreover, in this matter, if the Court were more cynical, it might interpret the parties' sudden agreement to amend the FAC to remove the Proposition 65 claim as an attempt to avoid judicial oversight. Indeed, the factual background of the case that gave rise to the Proposition 65 claim has not changed. It therefore appears to the Court that, at the very least, the parties determined it would just be easier or more efficient to simply amend the complaint, drop the Proposition 65 claim, and file a notice of settlement and stipulation for dismissal, rather than to entertain the Court's demand for a renewed motion with a revised attorneys' fees request.[2]

Accordingly, the Court REJECTS the parties' Stipulation to Dismiss Plaintiff's Claims With Prejudice and Proposed Order Granting Dismissal With Prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 43. Plaintiff may file a third motion to approve the pending settlement agreement (or any further revised agreement) for the Court's consideration.

IT IS SO ORDERED.

Dated: October 30, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] As the parties acknowledge in their notice of settlement, the proposed settlement is still subject to agency review under the Clean Water Act.

[2] The Court notes that the proposed settlement purports to reduce the total award for "investigative, expert, consultant, and attorneys' fees and costs" from $67,500 (which amount the Court twice rejected) to $47,500 (which reduced request the Court would be likely to approve). However, because Plaintiff has not filed a motion to approve the settlement, the Court has no way of knowing how that figure was reached.