# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTING ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER RESORTS, LLC; LAKE OROVILLE MARINA, LLC; REX MAUGHAN; and BILL HARPER,<br><br>Defendants. | No. 2:16-cv-01595-MCE-EFB<br><br>**ORDER** |

On August 30, 2018, this Court issued an order rejecting a stipulated dismissal filed by the parties and ordered them to show cause justifying the included fee request. ECF No. 54. Those responses are now before the Court. ECF Nos. 55 and 56. The parties' most recent request for dismissal is far from their first.

By way of background, Defendants operate a marina on Lake Oroville in California. Plaintiff alleged that Defendants violated a provision of Proposition 65 by knowingly discharging lead and lead compounds into the lake. On May 27, 2016, Plaintiff issued a Proposition 65 "60-Day Notice of Violation" detailing the alleged violations to the Office of the California Attorney General, the District Attorney of Butte County, the City Attorney of Oroville, and Defendants. After the 60-day period required

by Proposition 65 concluded, Plaintiff filed suit in this Court. The parties then pursued settlement options, reaching agreement on all terms on December 2, 2016.

That initial settlement agreement consisted of four parts: (1) improvements Defendants were to make at their facility; (2) a civil penalty of $20,000, plus a stipulated civil penalty of $2,500 for each discharge of storm water measured to contain lead in a concentration greater than 0.5 micrograms/liter; (3) an additional payment of $15,000 to Plaintiff, to be used to prevent, reduce, or eliminate discharges of Proposition 65-listed substances to sources of drinking water; and (4) investigative, expert, and attorney's fees and costs in the amount of $67,500. See Pl.'s Memo. in Supp. of Mot., ECF No. 15. The Court, however, found the requested fees entirely inappropriate (i.e., exceeding the appropriate lodestar calculation by more than 50%) and rejected the settlement. ECF No. 20.

The parties subsequently tried again, filing a Second Motion to Approve Proposition 65 Settlement. ECF Nos. 25, 26. Yet, rather than address the Court's concerns regarding the fees, the parties disingenuously lowered the requested hourly rate, but also increased the number of hours sought to once again reach a request for $67,500. Unsurprisingly, the Court denied this obviously transparent attempt to circumvent its original Order and made clear that, contrary to what the parties apparently believed, its concerns about Plaintiff's exorbitant fee requests would not be so easily placated:

> The fact that Plaintiff's counsel purports to reduce the hourly rate while increasing the number of hours to reach the same bottom line on the amount of attorney's fees is, quite frankly, ridiculous. If Plaintiff's counsel is too obtuse to understand what the court's intentions are in this matter, Plaintiff's counsel can expect a long delay in obtaining *any* attorney's fees.

ECF No. 35 at 2.

Perhaps frustrated that the Court again declined to rubber stamp its inflated fee request, Plaintiff filed a Second Amended Complaint on July 28, 2017 that omitted all

2

reference to the Proposition 65 claim; on the same day, the parties also filed a stipulation for dismissal, a stipulation that, ostensibly, would not require Court approval. ECF Nos. 39, 40. In what to most would certainly come as no surprise, the Court nonetheless rejected that stipulation as well, observing that:

> [I]f the Court were more cynical, it might interpret the parties' sudden agreement to amend the FAC to remove the Proposition 65 claim as an attempt to avoid judicial oversight. Indeed, the factual background of the case that gave rise to the Proposition 65 claim has not changed. It therefore appears to the Court that, at the very least, the parties determined it would just be easier or more efficient to simply amend the complaint, drop the Proposition 65 claim, and file a notice of settlement and stipulation for dismissal, rather than to entertain the Court's demand for a renewed motion with a revised attorneys' fees request.

ECF No. 44 at 3. Although the proposed settlement allocated a reduced $47,500—rather than the $67,500 previously sought—for "investigative, expert, consultant, and attorney's fees and costs," ECF No. 42-1 at 11, a number at least more reasonable to the Court, the parties provided no information from which the Court could glean how that figure was reached. ECF No. 44 at 3 n.2. Accordingly, the Court invited the parties to instead file a Third Motion to Approve the Pending Settlement Agreement.

Rather than comply with the Court's Order, the parties instead submitted another stipulated request for dismissal, this time without filing a copy of the consent judgment or settlement itself. ECF No. 45. The Government then filed a Notice informing the Court that it had requested to review the parties' settlement documents—a right granted to the Government under 33 U.S.C. § 1365(c)(3)—but had not received anything from the parties at that time. ECF No. 46. Thereafter, the parties provided the Government with a copy of their most recent settlement agreement, which the Government then attached to an updated Notice to the Court. ECF No. 47.[1] Notably, the settlement agreement still

---

[1] The Government filed a Motion Seeking Order Regarding Ongoing Jurisdiction, taking no position as to the substance of the parties' most recent settlement, but expressing its "concerns . . . [with] the process being used to resolve this matter and the potential that a similar approach could be used to evade review by both the courts and the United States in future Clean Water Act citizen suit actions." ECF No. 49 at 1. It thus sought to have the Court retain jurisdiction over the matter pending the Government's 45-day review period under the Clean Water Act. Because the Court shared in the Government's concerns, it granted the pending Motion.

omitted any justifications for the renewed $47,500 fee request. In once again rejecting the parties' stipulation, the Court provided a thorough explanation for its decision:

> The parties here have filed a Stipulation of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Ordinarily, dismissals under that section do not require a court order, and thus do not require court review, let alone Government oversight. But—as the Government points out in its brief—such a stipulation of dismissal is expressly "[s]ubject to . . . any applicable federal statute." In this case, the applicable federal statute is the Clean Water Act, which expressly provides that "[n]o consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment" by the Department of Justice and by the EPA. 33 U.S.C. § 1365(c)(3). If the Court does not retain jurisdiction during this 45-day review period, the Government's opportunity for review has no teeth. Moreover, the Government argues that the Court may order Plaintiff to submit a fee motion because the Court has the authority to look behind the parties' settlement to ensure compliance with prior court orders, including a previous order in this case denying the attorney's fees as unreasonably high.
>
> Plaintiff on the other hand argues that because this is a settlement and stipulated dismissal, the extent of the Court's authority over it is the same as any settlement and stipulated dismissal under Rule 41. Specifically, Plaintiff avers that the Court is limited to ensuring that all parties gave their informed consent and there was no improper behavior or wrongdoing. There being no evidence or allegation of wrongdoing, the Court need not take any further action, and the stipulated dismissal is effective.
>
> The Court acknowledges that a consent judgment and a private settlement and stipulation of dismissal are not the same thing. Nevertheless, the underlying purpose of the two in this context is the same: to resolve the action and have some form of enforcement for that resolution. And the purpose of the Clean Water Act's 45-day review period is to provide the Government with the opportunity to ensure that the proposed consent judgment is in the public interest and promotes the goals of the Act "by seeking to restore and maintain the chemical, physical and biological integrity of the Nation's waters." Mot. at 5-6, citing 33 U.S.C. § 1251(a). It therefore makes little sense that parties to a Clean Water Act citizen suit—like the one here—could opt to privately settle their action and avoid the oversight mandated by § 1365(c)(3). For those reasons alone, the Court finds that it must retain jurisdiction over the present suit (and over Clean Water Act citizen suits in general) until the Government's review period has expired, regardless of the mechanism by which the parties wish to resolve the matter.

4

> As for attorney's fees, Plaintiff is correct that under ordinary circumstances, the Court might not have the authority to look behind the parties' settlement and/or order a fees motion upon receiving notice of a stipulated dismissal. Nor does the Court make it a practice to do so. But this is not an ordinary case. First, this is a Clean Water Act citizen suit over which the Court retains jurisdiction, as set forth above. Second, as clearly laid out in the Government's Reply papers, the circumstances at play here suggest that the parties' settlement of this matter, combined with its settlement of the Proposition 65 claim in state court, may be in violation of this Court's previous orders. And finally, in light of the fact that the Proposition 65 claim was separately settled, the Court notes that the present attorney's fees request of $47,500 may again be excessive.
>
> Of course, this is impossible to tell without a more substantial filing from Plaintiff addressing the fees request, as the Court has previously ordered. See ECF No. 44.

ECF No. 54 at 2-4. Accordingly, the Court issued an Order to Show Cause directing Plaintiff to provide justification for the requested attorney's fees. Id. at 4.

Undeterred, Plaintiff declined to follow the Court's Order and demanded the Court provide Plaintiff with further authority:

> The Court has ordered Plaintiff to show cause "justifying its present request for attorney's fees." Order at 4:3-4. However, there is no such request currently before the Court. Instead, the Parties engaged in good-faith, arms-length negotiations to arrive at a mutually-agreeable settlement. The justification allowing the Parties to settle attorney fees in a Clean Water Act citizen suit enforcement action stems from 33 U.S.C. § 1365(d) and is settled law.
>
> . . . .
>
> The parties to this case elected to settle their claims without incurring the expense of a full fee motion, the costs of which could well be greater than the amount of fees and costs in question. If the Court wishes to order the parties to file a fee motion, <u>the parties respectfully request that they be provided the authority for such an order</u>, and a short period of time to renegotiate a settlement without any re-imbursement of fees of costs, submit the new agreement to the DOJ for the 45-day review period, enter the new agreement as a Consent Decree and move the Court for an award of fees and costs under the applicable law governing fee motions under the Clean Water Act.

ECF No. 55 at 1-2 (emphasis added). The requisite authority for the Court's directive is

5

set forth in its prior Order. The Court has spoken, clearly, on its expectations concerning Plaintiff's fee requests. However, instead of simply complying with the Court's orders, Plaintiff insists on causing the Court, the defendants and the Department of Justice to continue to spend time responding to Plaintiff's unfounded demands.

Accordingly, rather than continue to deal with Plaintiff's continued total disregard of the Court's orders, not later than ten (10) days following the date this Order is electronically filed, Plaintiff's counsel is Ordered to Show Cause why sanctions should not be imposed based on its deliberate and repeated disregard of the Court's Orders. The sanctions may be monetary and/or terminating.

IT IS SO ORDERED.

Dated: April 16, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE